UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV-16-6890-MWF<br>CR-13-23-MWF | Date: December 2, 2016 |
| Title: Shari Lackman -*v*- United States of America | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE, PURSUANT TO 28 U.S.C. § 2255 [1]

Before the Court is Defendant Shari Lackman's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 ("Section 2255 Motion"), filed on September 12, 2016. (Docket No. 1). The United States filed an Opposition on October 12, 2016, which also included a Motion to Dismiss the Section 2255 Motion. (Docket No. 6).

The Court has reviewed and considered the papers. The government's Motion to Dismiss is **GRANTED** and the Section 2255 Motion is **DISMISSED**.

## I. BACKGROUND

On June 3, 2013, Defendant entered into a written plea agreement with the government in which she pleaded guilty to one count of wire fraud and aiding and abetting in violation of 18 U.S.C. §§ 1343, 2(a). (Criminal Docket No. 5). Defendant agreed to the applicable Sentencing Guidelines factors, agreed not to seek a role adjustment, and waived her right to appeal the sentence. (*Id.* ¶ 22). In its presentence report, the Probation Office applied no adjustment for role in the offense. (*Id.* ¶ 46). Defendant did not object to this portion of the PSR. On June 23, 2014, the Court adopted the Probation Office's calculations and sentenced

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-16-6890-MWF            Date: December 2, 2016
         CR-13-23-MWF
Title:     Shari Lackman -v- United States of America

Defendant to 70 months imprisonment. The Court issued a final Judgment and Commitment on June 24, 2014. (Criminal Docket No. 59). Defendant did not appeal this sentence.

## II. DISCUSSION

### A. Legal Standard

"A federal prisoner who seeks to challenge the legality of confinement must generally rely on a § 2255 motion to do so." *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). Section 2255 grants federal prisoners the right to bring a motion "to vacate, set aside or correct the sentence" on the ground that the "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Furthermore, a petitioner who challenges his sentence under § 2255 must file his motion to vacate, set aside, or correct his sentence under the one-year period of limitation prescribed under § 2255. 28 U.S.C. § 2255(f). That period runs from "the latest" of a number of events, including, "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* § 2255(f)(3).

### B. Whether the Section 2255 Motion Is Time Barred

The government argues that the Section 2255 Motion is time barred. A Section 2255 motion must be filed within one year of the date the judgment becomes final. 28 U.S.C. § 2255. A defendant's criminal conviction becomes final when the time to file a notice of appeal expires 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i). The Court's final Judgment and Commitment issued on June 24, 2014, so the time to file an appeal expired 14 days

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-16-6890-MWF                           Date:  December 2, 2016
          CR-13-23-MWF
Title:    Shari Lackman -v- United States of America

later on July 8, 2014.  Defendant did not mail her Section 2255 Motion until September 8, 2016.  Therefore, it was mailed and filed almost one full year beyond the limitation period.  Accordingly, the Court **DISMISSES** the Section 2255 Motion as untimely.

### C.   Amendment 794 Does Not Entitle Defendant to Relief

Defendant seeks relief under Amendment 794, which amended § 3B1.2 of the Sentencing Guidelines.  She asks that this Amendment, issued after her conviction became final, be given retroactive effect.  The Ninth Circuit has held, however, that the Amendment has retroactive effect in cases on direct review.  *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016).  The Amendment was not made retroactive to all cases.  USSG § 1B1.10(d).

In addition, Defendant's claim of retroactivity must be made in a motion under 18 U.S.C. § 3582, not § 2255.  *Hamilton v. United States*, 67 F.3d 761, 763 (9th Cir. 1995) (specifically excluding § 2255 as a basis for correcting sentencing errors except in rare circumstances involving due process).  Even if the Court were to construe Defendant's Section 2255 Motion as a Section 3582 Motion, her claims would fail because Amendment 794 is not retroactive for purposes of a Section 3582 Motion.  Section 3852 is limited to very specific circumstances not present here, as demonstrated by the reasoning and case law in the Opposition at 5.

Finally, even if the Court reached the merits of the Section 2255 Motion, it would still be denied for the reasons stated in the Opposition at 6-7.

### III.  CONCLUSION

Accordingly, the government's Motion to Dismiss is **GRANTED** and the Section 2255 Motion is **DISMISSED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV-16-6890-MWF<br>CR-13-23-MWF | **Date:** December 2, 2016 |
| **Title:** | Shari Lackman -*v*- United States of America | |

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.